Wilde J.
delivered the opinion of the Court. This case is submitted upon the evidence which appeared at the trial, the parties agreeing to the facts as stated by the witnesses.
The action is trover for the conversion of a pair of looking-glasses, and the defendant admits that he took the glasses and -sold them as the property of one Braynard; so that the only question is, whether at the time of the taking, the plaintiffs had such a property or right in the glasses as to enable them to maintain this action.
The glasses were purchased of Doggett & Co. by Braynard, in the year 1825, and were intended for his own use ; but finding that they did not fit his roams, they were suffered to remain in Doggett & Co.’s store for safe keeping, until 1827, when Braynard, wishing to raise money upon them, applied to the plaintiffs for that purpose ; who agreed to advance $ 400, taking an order on Doggett & Co. for the delivery of the glasses, which was accepted by them; and thereupon the $ 400 was paid to Braynard. The first question is, whether by this transaction the property in the glasses passed to the plaintiffs.
By the payment of the money, and by the terms of the order, if there were no other evidence in the case, it might be presumed that a sale of the glasses was intended by the parties. The order was drawn for “value received,” which may *325 be construed as an admission that the price had been paid. But this construction would be inconsistent with the other evidence in the case, by which it appears that no sale of the glasses to the plaintiffs was ever contemplated ; but that they were delivered as security for an advance of money ; and the order may be reasonably construed in conformity with this evidence. We think, therefore, that the general property remained in Braynard, notwithstanding the advance of money and the delivery of the glasses to the plaintiffs. There is no evidence to show that the transaction was intended to operate as a mortgage rather than a pledge; and it cannot so operate, unless it can be made to appear that it was the intention of the parties that the legal property should pass, liable to be defeated by the performance of a condition. There is ho evidence to show any such intention, and consequently the question does not arise, whether a mortgage of personal property can be created by a parol agreement not reduced to writing.
We consider, therefore, that the general property remained in Braynard, and that the plaintiffs only acquired a special property or lien by their advance of money and the acceptance of the order by Doggett & Co., who were the depositaries of the looking glasses. To this extent the plaintiffs had a valid title to the possession, which could only be defeated by the payment of the money advanced, or by the relinquishment of the possession by the plaintiffs. By the acceptance of the order the plaintiffs acquired a legal possession. As between Braynard and the plaintiffs the acceptance amounted to a delivery of the glasses, and ipso facto Doggett St Co. became the bailees of the plaintiffs. Under a bill of sale this would have amounted to a valid delivery. But it was agreed between Braynard and the plaintiffs, that the glasses should be sold by the plaintiffs by auction, at a limited price, however, to prevent a sacrifice of the property ; and by order of one of the plaintiffs the glasses were sent to the plaintiffs’ auction room by Doggett St Co., soon after the acceptance of the order ; and this, as the defendant’s counsel contend, was a full discharge of the obligation of Doggett St Co.’s contract; and this certainly cannot be controverted, as the facts then were ; and if the plaintiffs had relinquished the possession to Braynard *326 after the attempt to effect a sale had failed, undoubtedly the plaintiffs’ lien would have been discharged. But the fact was otherwise; the possession was not relinquished to Braynard. At his suggestion the glasses were sent for by Doggett & Co., and were delivered to his men by order of the plaintiffs. There is nothing in the evidence to show that the plaintiffs intended to relinquish their lien, or to show that Doggett & Co. had any reason to suppose that such was their intention. The suggestion or request made by Braynard to send for the glasses, was perfectly consistent with the plaintiffs’ lien, he having the general property, and having a right to redeem the pledge. But if it were otherwise, and Braynard had fraudulently pretended that the pledge had been redeemed, still it would not defeat the plaintiffs’ right, unless they had notice of such fraudulent pretence, and nevertheless suffered Doggett & Co. to retain the possession as the bailees of Braynard. If any such representation had been made by Braynard, fair dealing would have required that Doggett & Co. should have taken up the order when they sent for the glasses, or otherwise notified the plaintiffs that they intended to bold the glasses as the property of Braynard. But in fact Braynard, when he requested Doggett & Co. to take the glasses back, made no intimation that the pledge had been redeemed or relinquished ; and they had no reason to suppose it. From the terms of the order, they had notice of the lien, the order being for value received ; so that they could not suppose that the plaintiffs were employed by Braynard merely as auctioneers to make sale of the glasses. It is clear then, we think, that when Doggett & Co. took back the glasses, they received them to keep as they had before kept them, under the accepted order of delivery ; and for this reason probably the order was not called for. At that time, therefore, they again became the bailees of the plaintiffs and not of Braynard.

Judgment for the plaintiffs.